1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  EDUARDO SANDOVAL,                    CASE NO. 2:14-cv-07766-DMG-JEMx

12              Plaintiff,

13  v.                                   **ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND TESTIMONY**

14  CSK AUTO, INC.; O'REILLY AUTOMOTIVE STORES, INC.;
    DOES 1 through 100, inclusive,

15

16              Defendants.

                                         Case Filed:    September 5, 2014
17                                       Removed:       October 7, 2014

18

19                          **ORDER**

20

21      **WHEREAS**, in the course of this litigation disclosure may be sought of

22  information which a party regards as being of a confidential, trade secret, private,

23  proprietary, technical, commercial and/or financial in nature (hereinafter

24  collectively referred to as "CONFIDENTIAL INFORMATION"); and

25      **WHEREAS**, Plaintiff EDUARDO SANDOVAL ("PLAINTIFFS") and

26  Defendants CSK AUTO, INC. n/k/a O'REILLY AUTO ENTERPRISES, LLC and

27  O'REILLY AUTOMOTIVE STORES, INC. ("DEFENDANTS") (collectively with

28  Plaintiff, the "PARTIES") desire to establish a mechanism to protect the disclosure

1  and use of such CONFIDENTIAL INFORMATION.

2      In accordance with the Court's February 23, 2015 Order, the PARTIES

3  submit the following Amended Stipulation and Proposed Order Regarding the

4  Confidentiality of Documents and Testimony. (Document 22.)

5      **IT IS HEREBY STIPULATED** by and between the PARTIES hereto, and

6  any third-party witnesses, through their respective counsel, that the following shall

7  govern the disclosure of CONFIDENTIAL INFORMATION in this action:

8  **I.     INFORMATION SUBJECT TO THIS ORDER:**

9      Any discovery material in this action designated by any party as

10  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used by any other

11  party only for purposes of preparing for trial, trial, and any appeal of this action.

12      **A.     DEFINITIONS**

13      For purposes of this Protective Order, "CONFIDENTIAL" shall mean all

14  information or material:  (i) that is produced for or disclosed to a party by any other

15  party, or that is submitted to or filed with the Court in connection with a motion;

16  (ii) that contains CONFIDENTIAL INFORMATION, whether embodied in

17  physical objects, documents, or the factual knowledge of persons; and (iii) that has

18  been so designated by the producing party in the manner set forth hereinafter.

19      For purposes of this Protective Order, "ATTORNEYS' EYES ONLY" shall

20  mean all information or material:  (i) that is produced for or disclosed to a party by

21  any other party, or that is submitted to or filed with the Court in connection with a

22  motion; (ii) that contains CONFIDENTIAL INFORMATION which constitutes

23  sensitive personal consumer or employee information, trade secret or highly

24  sensitive technical, marketing, financial or other information, whether embodied in

25  physical objects, documents, or the factual knowledge of persons; and (iii) that has

26  been so designated by the producing party in the manner set forth hereinafter.

27  **II.    MEANS FOR DESIGNATING PROTECTED MATERIAL:**

28      Any document or tangible thing containing information that is

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3157841.1

2

CASE NO. 2:14-cv-07766-DMG-JEM

CONFIDENTIAL or ATTORNEYS' EYES ONLY may be designated as such by the producing party or any other party to this action by marking it with the following legend at the time it is furnished to the receiving party: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY contained in physical objects or documents shall be designated by stamping or affixing thereto an appropriate legend in the manner set forth above, or other similar manner.

All CONFIDENTIAL or ATTORNEYS' EYES ONLY information not reduced to documentary, tangible or physical form, or that cannot be conveniently designated in the manner set forth in this Section, shall be designated by the producing party by informing the receiving party(s) in writing of its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY information at the time the information is disclosed, or at reasonable times thereafter.

For purposes of this Protective Order, discovery material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY may be all or part of any document, physical object, tangible thing, transcript of oral testimony or recorded statement of counsel, such as transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, motions, devices, company records and reports, and any instrument that comprises, embodies or summarizes matter that a producing party determines meets the definitions set forth in Section I.

## A.    LIMITATIONS

The restrictions set forth in this Protective Order with respect to information or materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not apply to:

1.    any information that at the time of disclosure to a

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3157841.1

3

CASE NO. 2:14-cv-07766-DMG-JEM

receiving party is in the public domain;

2.     any information that after disclosure to a receiving party becomes part of the public domain as a result of lawful publication not involving a violation of the Protective Order; or

3.     any information that a receiving party can show was received by it, whether before or after the disclosure, from a source other than the producing party who obtained the information lawfully and without obligation of confidentiality to the producing party.

The PARTIES will use reasonable care to avoid designating any documents or information as CONFIDENTIAL or ATTORNEYS' EYES-ONLY that do not satisfy the criteria for such designation.  Any receiving party may at any time request the producing party to cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation if the receiving party believes that the document, object and/or information (i) does not satisfy the criteria for such designation as set forth in Section I above; (ii) falls within the limitations set forth in this Section; or (iii) must be disclosed to specific additional individuals in order to aid in the understanding and/or analysis of such information.  A request to cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall be in writing, shall be served on counsel for the producing party, and shall particularly identify the information or materials the receiving party contends is not or should not be CONFIDENTIAL or ATTORNEYS' EYES ONLY and the reasons supporting such contention.  The PARTIES shall use their best efforts to resolve informally any disputes concerning the designation of information or materials under the Protective Order.  If the PARTIES cannot reach an agreement, the receiving party may file a motion with the Court to have the designation removed.  The producing party shall have the burden of establishing the

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3157841.1

confidentiality of the particular material or information.  The failure of a receiving party to initially challenge a designation shall not constitute a waiver of the right to subsequently assert at any time that the same is not in fact CONFIDENTIAL or ATTORNEYS' EYES ONLY.

The PARTIES agree that each party shall be allowed to retroactively designate any documents or testimony previously produced in this action as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the first 30 days following the entry of this Stipulation as an Order.

The production of discovery material not designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be without prejudice to subsequent designation as such by the producing party, in writing and with particularity, within ten (10) days after the producing party becomes aware of an omission to make what the producing party considers an appropriate designation.

If discovery material is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY as provided in this Section, it shall, to the extent possible, be treated as if the designation had been made prior to production.  If counsel for the receiving party had not yet disclosed the material to others, then it shall remain CONFIDENTIAL or ATTORNEYS' EYES ONLY.  If counsel for the receiving party had already disclosed the material to persons not authorized to receive it, then the material shall no longer be disclosed to persons not entitled to review CONFIDENTIAL or ATTORNEYS' EYES ONLY material, and any copies that had been disseminated shall be retrieved by counsel for the receiving party.

**III.   PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION:**

**A.   CONFIDENTIAL INFORMATION**

Discovery material designated CONFIDENTIAL pursuant to Sections I and II of this Protective Order shall be deemed and treated as CONFIDENTIAL pursuant to this Protective Order and shall be used for no purpose other than this

litigation.  Unless and until the Court rules otherwise, access and disclosure of information designated CONFIDENTIAL shall be limited to:

> 1.      Counsel who have appeared of record for the PARTIES, as well as persons employed by such counsel ("Counsel");
>
> 2.      PARTIES and/or officers or employees of any PARTY who are assisting Counsel in the prosecution or defense of the above-captioned lawsuit ("Action");
>
> 3.      The Court and its personnel, court reporters, and videographers;
>
> 4.      Persons specially retained by Counsel in this Action to assist in the preparation of this case, including, but not limited to, consulting experts and testifying experts, provided such persons (i) need such Confidential Documents in order to perform the services for which they have been retained and (ii) prior to obtaining or reviewing any Confidential Documents, execute a certificate, in the form attached hereto as Exhibit A, stating that they have read the terms of the Protective Order and shall abide by them;
>
> 5.      Any person whose testimony is taken or to be taken in this Action, except that such person may only be shown Confidential Documents during his or her testimony and in preparation therefore, and only to the extent necessary to prepare for such testimony, except that prior to obtaining or reviewing any Confidential Documents, they execute a certificate, in the form attached hereto as Exhibit A, stating that they have read the terms of the Protective Order and shall abide by them; and
>
> 6.      Any authors of the Confidential Documents.
>
> 7.      Any mediator and/or court appointed settlement officer.

The PARTIES have agreed that if and when employment records are produced, they will be designated "CONFIDENTIAL."

**B.      ATTORNEYS' EYES ONLY INFORMATION**

Discovery material designated ATTORNEYS' EYES ONLY pursuant to Sections I or II of this Protective Order shall be deemed and treated as ATTORNEYS' EYES ONLY pursuant to this Protective Order and shall be used for no purpose other than this litigation.  Unless and until the Court rules otherwise,

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

3157841.1

CASE NO. 2:14-cv-07766-DMG-JEM

access to and disclosure of information designated ATTORNEYS' EYES ONLY shall be limited to:

> 1.     Attorneys of record for the PARTIES;
>
> 2.     The Court and Court personnel;
>
> 3.     Court reporters transcribing any deposition, hearing or trial in this action; and
>
> 4.     Persons specially retained by Counsel in this Action to assist in the preparation of this case, including, but not limited to, consulting experts and testifying experts, provided such persons (i) need such Attorneys' Eyes Only Information in order to perform the services for which they have been retained and (ii) prior to obtaining or reviewing any Attorneys' Eyes Only Information, execute a certificate, in the form attached hereto as Exhibit A, stating that they have read the terms of the Protective Order and shall abide by them;

## IV.     LIMITATIONS ON THE USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION:

Discovery material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Protective Order.  All produced information or materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

### A.     Filing Protected Documents With The Court

The PARTIES must adhere to the governing Local Rules when attempting to file any ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") designated document under seal. (*See, e.g.*, United States District Court, Central District of California, Local Rule 79-5.1.)

Pursuant to Local Rule 79-5.1, PARTIES using, or attempting to include "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designated documents,

deposition transcripts, exhibits, answers to interrogatories, pleadings, briefs, and other documents filed with the Court that have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or that contain information so designated, shall obtain prior approval by the Court prior to filing any documents under seal.  Specifically, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and proposed orders to seal, along with the material to be sealed, shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. Unless the filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its NEF (see L.R. 5-3.2.1), shall be presented with the documents presented for filing.  The parties shall further meet and confer regarding redaction of "CONFIDENTIAL" documents as an alternative to filing them under seal.

### B.     Obligations to Maintain Protected Document Status

Nothing in this Protective Order shall prohibit the transmission or communication of CONFIDENTIAL or ATTORNEYS' EYES ONLY information between or among qualified recipients by: (1) hand delivery; (2) face-to-face conference; (3) in sealed envelopes or containers via mail or an established freight, delivery or messenger service; or (4) by telephone or email if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

1    Information or material designated CONFIDENTIAL or ATTORNEYS'

2   EYES ONLY shall not be copied or otherwise reproduced by a receiving party,

3   except for transmission to qualified recipients, without the written permission of the

4   producing party or, in the alternative, by further order of the Court.  However,

5   nothing herein shall restrict a qualified recipient from making working copies,

6   abstracts, trial exhibits, digests and analyses of information or materials designated

7   CONFIDENTIAL or ATTORNEYS' EYES ONLY for use in connection with this

8   action, and such working copies, abstracts, digests and analyses shall be deemed

9   CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Nothing herein shall restrict

10   those persons who are authorized to examine CONFIDENTIAL or ATTORNEYS'

11   EYES ONLY information from converting or translating such CONFIDENTIAL or

12   ATTORNEYS' EYES ONLY information or materials into machine readable form

13   for incorporation into a data retrieval system used in connection with this action,

14   provided that access to CONFIDENTIAL or ATTORNEYS' EYES ONLY

15   information or material, in whatever form stored or reproduced, shall be limited to

16   those designated in Section III above.

17    In rendering advice or otherwise communicating with any party who does not

18   have access to ATTORNEYS' EYES ONLY information under this Protective Order,

19   Order, counsel shall not disclose the specific content of any ATTORNEYS' EYES

20   ONLY information where such disclosure would not otherwise be permitted under

21   the terms of this Protective Order.  Nothing herein shall bar or otherwise restrict

22   counsel from rendering advice to a client who does not have access to

23   ATTORNEYS' EYES ONLY information under this Protective Order with respect

24   to this action and, in the course thereof, from generally referring to or relying upon

25   ATTORNEYS' EYES ONLY information, although the ATTORNEYS' EYES

26   ONLY information itself may not be disclosed to the client.

27   **V.    MISCELLANEOUS PROVISIONS:**

28    This Protective Order shall be without prejudice to the right of any party to

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

3157841.1

1    oppose production of any information on any ground permitted by law.

2        Any of the terms or requirements herein may only be waived or modified, in

3    whole or in part, by a writing signed by attorneys of record for all PARTIES.

4    Within sixty (60) days after final termination of this action, including all appeals,

5    each party shall return to the producing party or destroy all physical objects and

6    documents, including working copies, that embody CONFIDENTIAL or

7    ATTORNEYS' EYES ONLY information that were received from the producing

8    party, except that counsel shall be entitled to maintain one copy of the Court

9    transcripts and documents filed with the Court.  If the receiving party destroys such

10    objects and documents, it shall provide written verification to the producing party

11    of the date and method of destruction, and an itemization of what was destroyed.

12        Any party may apply to the Court at any time for additional protection, or to

13    relax or rescind the restrictions of this Protective Order.  Any disputes over the

14    designation of confidential information shall be resolved by the procedures

15    described in Local Rule 37.

16

17        **IT IS SO ORDERED.**

18    DATED: <u>March 11, 2015</u>     ___

19    _____     _____
           HON. JOHN E. MCDERMOTT

20            United States Magistrate Judge

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3157841.1

CASE NO. 2:14-cv-07766-DMG-JEM